IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:07-94-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Nikki Nicole Thomas, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Nikki Nicole Thomas' ("Thomas") motion to reduce her sentence and correct criminal history points pursuant to 18 U.S.C. § 3582(c)(2). Thomas, proceeding pro se, alleges that a 2007 amendment to § 4A1.2(c)(1) of the United States Sentencing Guidelines ("U.S.S.G.") "changes the probation criterion at 4A1.2(c)(1) from a term of 'at least' one year to a term of 'more than' [one year], when calculating criminal history points." (Mot. Reduce Sentence 1.) Thomas requests that the court "remove the 3 points from [her] criminal history and correct [her] sentence accordingly." (Id.)

Thomas was sentenced on March 20, 2008. The 2006 edition of the U.S.S.G. Manual was utilized in preparing Thomas' Presentence Investigation Report ("PSR"). Pursuant to the U.S.S.G. Manual, sentences for certain prior offenses are counted in computing a defendant's criminal history score if "the sentence was a term of probation of *at least one* year or a term of imprisonment of at least thirty days . . . ." U.S.S.G. Manual § 4A1.2(c)(1) (2006) (emphasis added). On November 1, 2007, § 4A1.2(c)(1) was amended to state that sentences for certain prior offenses would be counted in determining a criminal history score if "the sentence was a term of probation of *more than one* year or a term of imprisonment of at least thirty days . . . ." U.S.S.G. Manual § 4A1.2(c)(1) (2007) (emphasis added).

Thomas received an initial criminal history score of 3 based on her prior criminal convictions. (PSR ¶ 68) Thomas alleges that she has "2 offenses that are listed in 4A1.2(c)(1), in which [she] was given 2 to 3 points on each offense, which allowed [her] at the time of [her] PSR report, to receive 12 points." (Thomas' Mot. Reduce Sentence 1.) Two of Thomas' prior convictions satisfy the requirements of § 4A1.2(c)(1)–two second degree trespassing convictions. Thomas received 24 months' probation for each conviction. The offenses resulted in probation of more than one year. Under both the 2006 and amended 2007 versions of § 4A1.2(c)(1), Thomas' two offenses are properly counted toward her criminal history points calculation. The 2007 amendment did not change the computation of Thomas' criminal history score. Accordingly, Thomas' argument is without merit, and the court denies her motion for reduction of sentence and correction of criminal history points.

Therefore, it is

**ORDERED** that Thomas' motion for reduction of sentence and correction of criminal history points, docket number 291, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
April 28, 2009

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that she has the right to appeal <u>this order</u> within ten (10) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.